UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
ANDRE CRAWFORD-BRUNT,            )
                                 )
    Plaintiff,                   )
                                 )  Civil Action No.
    v.                           )  17-11432-FDS
                                 )
PETER KRUSKALL,                  )
                                 )
    Defendant.                   )
                                 )

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS IN LIMINE
TO EXCLUDE EXHIBITS UNDER FED. R. EVID. 408**

**SAYLOR, C.J.**

    This dispute involves a claim of fraud arising out of a sale of shares in Kensho Technologies, Inc., an analytics and machine learning company. Jurisdiction is based on diversity of citizenship.

    Daniel Nadler and defendant Peter Kruskall founded Kensho in 2013. In mid-2014, plaintiff Andre Crawford-Brunt, who was then the global head of equity trading at Deutsche Bank, agreed to purchase 2% of Kensho's "fully diluted" shares for $2 million. Crawford-Brunt asked Nadler what the total number of "fully diluted" shares was, and Nadler replied by e-mail that there were approximately 21.5 million shares outstanding "as of now." Crawford-Brunt then acquired 220,000 shares apiece from Nadler and Kruskall.

    Several months later, Crawford-Brunt learned that Kensho had previously issued to other investors convertible debt and other instruments that, if converted into stock, would have significantly diluted his stake in the company. He brought suit against Kruskall, alleging fraud

and seeking reformation of the purchase agreement based on unilateral mistake.

Defendant has filed six motions *in limine* seeking to exclude six of plaintiff's trial exhibits (Exs. 21, 33, 34, 35, 36, and 63) on the ground that they represent evidence of compromise offers and negotiations under Fed. R. Evid. 408.

In general terms, Rule 408 bars the use of evidence of an offer or agreement to compromise a claim to prove the validity or amount of a disputed claim. The rule's exclusion of settlement discussions or agreements "applies equally to [discussions or agreements] between a defendant and a third party and between a plaintiff and a third party." *Portugues-Santana v. Rekomdiv Int'l*, 657 F.3d 56, 63 (1st Cir. 2011).

### 1. Exhibit 21

Exhibit 21 is a letter from Daniel Nadler to plaintiff in which Nadler offers him additional shares in Kensho in exchange for an agreement that neither Nadler nor Kensho has any further obligation to transfer more shares to him. In other words, it is an offer to compromise plaintiff's claim to those additional shares. Indeed, plaintiff's summary of the evidence in fact refers to this transaction as a settlement agreement. (Joint Pretrial Mem. at 4). Such evidence is clearly barred by Rule 408 and will be excluded.

### 2. Exhibit 63

Exhibit 63 is a settlement agreement between defendant and the WilmerHale law firm resolving defendant's claim against WilmerHale arising from plaintiff's allegations against defendant. Plaintiff concedes this exhibit is a settlement agreement covered by Rule 408. (Pl. Mem. at 32). He contends, however, that he anticipates that defendant will try to shift the blame to WilmerHale, in which case plaintiff will point to the absence from the settlement agreement of any admission of fault by WilmerHale. (*Id.* at 32-33). The problem is that such a use is

prohibited by the rule: that is, plaintiff proposes to use a settlement agreement as evidence to prove or disprove the validity of the settled claim. The exhibit will therefore be excluded.

### 3. Exhibits 33-36

Exhibits 33 through 36 are a series of e-mails between plaintiff, his counsel, Michael Bain (a partner at WilmerHale), and Nadler that concern the original stock purchase, what appear to be plaintiff's inquiries concerning the dispute, and the settlement agreement with Nadler. Because the settlement agreement itself is not admissible, these emails appear to be irrelevant under Fed. R. Evid. 401 and 402. And to the extent that they contain discussions of issues such as full dilution, they represent statements made during compromise negotiations. They will therefore be excluded.

Accordingly, and for the foregoing reasons, Defendant's Motions *in Limine* to Exclude Exhibit 21 (Docket No. 117), Exhibit 33 (Docket No. 120), Exhibit 34 (Docket No. 121), Exhibit 35 (Docket No. 122), Exhibit 36 (Docket No. 123), and Exhibit 63 (Docket No. 127), are GRANTED.

**So Ordered.**

Dated: September 28, 2020

/s/ F. Dennis Saylor IV_____  
F. Dennis Saylor IV  
Chief Judge, United States District Court