UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDRE CRAWFORD-BRUNT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-11432-FDS |
| PETER KRUSKALL, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CERTAIN NEWS ARTICLES AND PRINTOUTS**

**SAYLOR, C.J.**

This dispute involves a claim of fraud arising out of a sale of shares in Kensho Technologies, Inc., an analytics and machine learning company. Jurisdiction is based on diversity of citizenship.

Daniel Nadler and defendant Peter Kruskall founded Kensho in 2013. In mid-2014, plaintiff Andre Crawford-Brunt, who was then the global head of equity trading at Deutsche Bank, agreed to purchase 2% of Kensho's "fully diluted" shares for $2 million. Crawford-Brunt asked Nadler what the total number of "fully diluted" shares was, and Nadler replied by e-mail that there were approximately 21.5 million shares outstanding "as of now." Crawford-Brunt then acquired 220,000 shares apiece from Nadler and Kruskall.

Several months later, Crawford-Brunt learned that Kensho had previously issued to other investors convertible debt and other instruments that, if converted into stock, would have significantly diluted his stake in the company. He brought suit against Kruskall, alleging fraud

and seeking reformation of the purchase agreement based on unilateral mistake.

Defendant seeks to introduce evidence of 22 "online financial press stories" stating, in substance, that at least five institutional investors had invested $9 or $10 million in seed financing in Kensho. (Pl. Ex. 1). Defendant also seeks to introduce what appears to be a printout from Kensho's website containing a similar statement. (Pl. Ex. 2). Plaintiff has moved *in limine* to exclude the documents on the ground of lack of relevance under Fed. R. Evid. 401 and 402.

Defendant seeks to offer the evidence to show that plaintiff did not reasonably rely on any alleged misrepresentation that Kensho's fully diluted capitalization consisted of 22 million shares, because plaintiff should have been aware from publicly available sources that other investors had rights to acquire Kensho stock. According to defendant, plaintiff's "failure to conduct even a cursory web search is relevant in determining whether he reasonably relied on any representation concerning the stock rights of Kensho investors." (Def. Mem. at 3).

There is no evidence that plaintiff had read, or was otherwise aware of, any of the articles at the time he made his investment. And, of course, it is not a defense to a claim of misrepresentation that the defendant had disclosed the truth to others, even in publicly available sources. Furthermore, while plaintiff is a sophisticated investor, it is certainly arguable that he had no obligation under the circumstances to conduct any additional diligence, and that even if he had, the articles may not have put him on notice that his investment would be diluted to a greater degree than he realized.

Nonetheless, the articles and the website printouts appear to have at least some marginal relevance to the issue of the reasonableness of plaintiff's reliance, and perhaps his credibility. Furthermore, the articles are not so inflammatory or confusing as to require their exclusion under

Fed. R. Evid. 403.  Rather than exclude the evidence entirely, the appropriate course appears to be to admit the exhibits with a cautionary instruction advising the jury of the proper purpose for which they may be considered.  *See* Fed. R. Evid. 105.

Plaintiff also contends that defendant has not yet produced evidence sufficient to authenticate the printouts from the website.  (Pl. Mem. at 3).  It appears that the documents were obtained from the Internet Archive, using the "Wayback Machine" tool.  And it may prove to be true that defendant cannot authenticate them without a witness with personal knowledge as to that method of document retrieval.  Nonetheless, there are many ways to authenticate a document, and the Court will not exclude the evidence on that basis at this stage.  Of course, if defendant ultimately fails to produce appropriate authentication, the evidence will be excluded.

Accordingly, and for the foregoing reasons, Plaintiff's Motion *in Limine* to Exclude Certain News Articles and Printouts from Evidence (Docket No. 133) is DENIED.

**So Ordered.**

Dated:  September 28, 2020

/s/ F. Dennis Saylor IV_____
F. Dennis Saylor IV
Chief Judge, United States District Court