## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
**ANDRE CRAWFORD-BRUNT,**                     )
                                              )
    **Plaintiff,**                          )
                                              )    **Civil Action No.**
    **v.**                                 )    **17-11432-FDS**
                                              )
**PETER KRUSKALL,**                           )
                                              )
    **Defendant.**                          )
_____)


## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO RE-DESIGNATE TIAGO DUARTE-SILVA AS AN EXPERT ON HIS CASE-IN-CHIEF

**SAYLOR, C.J.**

This dispute involves a claim of fraud arising out of a sale of shares in Kensho Technologies, Inc., an analytics and machine learning company. Jurisdiction is based on diversity of citizenship.

Daniel Nadler and defendant Peter Kruskall founded Kensho in 2013. In mid-2014, plaintiff Andre Crawford-Brunt, who was then the global head of equity trading at Deutsche Bank, agreed to purchase 2% of Kensho's "fully diluted" shares for $2 million. Crawford-Brunt asked Nadler what the total number of "fully diluted" shares was, and Nadler replied by e-mail that there were approximately 21.5 million shares outstanding "as of now." Crawford-Brunt then acquired 220,000 shares apiece from Nadler and Kruskall.

Several months later, Crawford-Brunt learned that Kensho had previously issued to other investors convertible debt and other instruments that, if converted into stock, would have significantly diluted his stake in the company. He brought suit against Kruskall, alleging fraud

and seeking reformation of the purchase agreement based on unilateral mistake.

The present dispute concerns disclosure of expert witnesses.  After various extensions, pursuant to Fed. R. Civ. P. 26(a)(2)(D) the Court set a final deadline of December 31, 2018, for the disclosure of plaintiff's expert witnesses, and January 31, 2019, for the disclosure of defendant's expert witnesses.  The Court did not set a separate deadline for disclosure of rebuttal expert reports.  That meant, under Rule 26, that the parties could choose to disclose a rebuttal expert report within 30 days after disclosure of the original report.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (permitting a party to disclose an expert report "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party" within 30 days of their opponent's report).

Plaintiff did not disclose any expert witness by the December 31, 2018 deadline.  On January 30, 2019, defendant designated Michael J. Cohen as an expert witness.  Cohen opined, in substance, that there is no commonly accepted definition of the meaning of "fully diluted" shares in issue, and that plaintiff's alleged damages amount results from unexplained calculations based on unstated interpretations of various financial instruments.  (Pl. Ex. 3).

On March 1, 2019, plaintiff designated Tiago Duarte-Silva as an expert rebuttal witness. (Def. Mot. at 6).  Duarte-Silva responded to the opinions of Cohen, and opined, in substance, that there is an accepted definition of "fully diluted" and that the plaintiff's damages calculations are correct.  (Pl. Ex. 2).  Defendant did not seek to depose Duarte-Silva.  (Def. Mot. at 2).

Plaintiff has now moved to "re-designate" Duarte-Silva as an expert witness in his case-in-chief or, in the alternative, to permit Duarte-Silva to testify in plaintiff's rebuttal case whether or not Cohen testifies for defendant.

1.    **The Analytical Framework**

The parties essentially agree that resolution of this issue is governed by Rule 37.  The

rule provides that "[i]f a party fails to provide information or identify a witness as required by

Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . .

. at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

The First Circuit has identified the following factors to consider in reviewing decisions

on evidence preclusion under Rule 37(c)(1):

> Where a district court does opt in favor of preclusion, we review that decision
> with reference to a host of factors, including: (1) the history of the litigation; (2)
> the sanctioned party's need for the precluded evidence; (3) the sanctioned party's
> justification (or lack of one) for its late disclosure; (4) the opponent-party's ability
> to overcome the late disclosure's adverse effects—e.g., the surprise and prejudice
> associated with the late disclosure; and (5) the late disclosure's impact on the
> district court's docket.  *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003); *see
> also Santiago–Diaz*, 456 F.3d at 276–77.

*Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009).

2.    **Duarte-Silva's Opinion on the Meaning of "Fully Diluted"**

The first issue concerns Duarte-Silva's opinion on the meaning of "fully diluted" shares

in issue.  Plaintiff essentially concedes that he failed to meet the deadline set by the Court for

disclosing an expert witness on the issue.  (Pl. Mot. at 3).  He does not argue that his failure to

disclose an expert on the meaning of "fully diluted" was substantially justified, although he does

make the following argument in a footnote:

> [T]he service of the Cohen Report was the first time that Defendant offered his view that
> there is no common understanding of what "fully diluted" shares means in the investment
> context.  However, on his summary judgment motion, Defendant took his argument even
> further, arguing, for the first time, that Plaintiff bears the burden of proving as an
> "essential element" of his case that the concept of a "fully diluted" share count has only
> one established meaning in the investment context.  *See* Dkt. 97 at 14-15.  Plaintiff does
> not agree with this contention at all; what Massachusetts law requires is that a defendant
> charged with fraud have made a "false statement of material fact," Dkt. 102 at 10, not
> that there be uniform industry agreement on the meaning of a particular representation.

3

> At the same time, Defendant's newly articulated argument has prompted Plaintiff to seek to re-designate Mr. Duarte-Silva as an affirmative expert, so that this issue can be laid to rest.

(Pl. Mot. at 4 n.2).  Instead, plaintiff's principal arguments are that the Court has discretion to admit the testimony, that the testimony would be helpful to the jury, that the request is not an attempt to "sandbag" defendant with new evidence after the close of expert discovery, and that permitting the testimony would be harmless under the circumstances because it would not cause undue delay and defendant would not be prejudiced, as no trial date has been set.  (Pl. Mot. at 3-5).

Defendant contends that plaintiff affirmatively represented to the Court on multiple occasions that he did not need expert testimony to prove his case, despite defense counsel's repeated warnings that he did not see how that was possible.  (Def. Mot. at 12-13).  He also points out that plaintiff unreasonably waited from January 30, 2019 (the date that Cohen's expert report was disclosed) to December 16, 2019 (the date of the present motion) to raise the issue. (*Id.* at 2 n.2).  In addition, he contends that he has been effectively denied an opportunity under the circumstances to depose Duarte-Silva to explore the basis of his opinion, that Cohen's expert report will now have to be revised in order to respond to the opinions of Duarte-Silva, and that he may need to reconsider potential grounds for a summary judgment motion.  (*Id.* at 14).

The first of the Rule 37 factors identified by the First Circuit is largely irrelevant here, as there is no history of litigation abuse, at least as to the issue of the meaning of "fully diluted." Unfortunately, the fifth factor, which is the impact on the Court's docket, is also largely irrelevant, thanks to the COVID-19 pandemic, as all civil jury trials in the district have been substantially delayed and this matter does not yet have a trial date.

The second factor is plaintiff's need for the testimony.  That necessity is unclear.

Presumably, as a sophisticated investor, he can testify as to his own understanding of "fully diluted," and his counsel can cross-examine defense witnesses if they testify as to the same subject.  If Cohen testifies as to the definition, Duarte-Silva can testify in rebuttal; if Cohen does not, the need for expert testimony on the issue is substantially diminished.  Regardless, the expert testimony is not necessary for plaintiff to prove his case, or for the case to survive a motion for a directed verdict.

The third factor is plaintiff's justification for his failure to make a proper disclosure.  That justification is weak at best.  As noted, he argues in a footnote that he had not been aware that there was any dispute as to the meaning of "fully diluted."  (Pl. Mot. at 4 n.2).  That is a somewhat dubious proposition, but the Court will nonetheless give it some weight in the analysis.  However, that justification raises the question of why plaintiff waited nearly a year before seeking to re-designate Duarte-Silva, rather than addressing the issue as soon as Cohen's report was disclosed.  (Def. Mot. at 2 n.1).

Finally, there is substantial prejudice to defendant, who relied on plaintiff's failure to disclose an affirmative expert, did not depose Duarte-Silva, and who presumably should be given an opportunity to submit a modified report from Cohen and, if he deems it necessary, file any motions that result from the new evidence.  That prejudice is curable, in the sense that defendant can be given an opportunity to take the deposition, amend the report, and file motions, but the plaintiff's late disclosure of an affirmative expert is prejudicial nonetheless.

There is precedent for permitting, under some circumstances, a rebuttal expert to testify in a party's case-in-chief.  *See, e.g.*, *Charalambopoulos v. Grammer*, 2017 WL 930819, at *5 (N.D. Tex. Mar. 8, 2017) (granting a defendant's motion to re-designate his rebuttal expert as an affirmative expert in support of his case-in-chief on the condition that the plaintiff be permitted

to take the expert's deposition).  Nonetheless, the general rule is that rebuttal expert testimony should be exactly that—testimony that responds to an opponent's expert, not part of the plaintiff's case-in-chief.  *See*, *e.g.*, *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013) (finding that a plaintiff's expert's report that did not directly contradict or rebut a defendant's expert report could not be characterized as a rebuttal report but was rather an untimely affirmative report); *Alsadi v. Intel Corp.*, 2019 WL 4849482, at *12 (D. Ariz. Sept. 30, 2019) (collecting cases).

Permitting plaintiff here to re-designate his rebuttal expert witness and allowing the witness to testify in his case-in-chief thus violates the general rule.  In addition, the factors the court must consider when precluding evidence under Rule 37(c)(1) weigh in favor of excluding plaintiff's evidence.  The failure to identify Duarte-Silva as an expert in the first instance is essentially unjustified, and because defendant would be prejudiced, permitting re-designation is not harmless.  Furthermore, permitting re-designation undermines the purpose of setting deadlines for expert disclosures; those deadlines must have some force if the courts are to be able to manage their dockets in any meaningful way.  It is one thing to permit an accommodation to avoid a potential injustice, address a genuine surprise, or even correct an innocent mistake; it is quite another to permit a party to change a strategic choice.  *See People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1191-93 (S.D. Cal. 2016) (excluding a plaintiff's improper rebuttal expert testimony in part because the plaintiff's original failure to disclose an expert on the contested issue represented a "strategic choice").  Under the circumstances presented here, plaintiff will not be permitted to re-designate Duarte-Silva as an affirmative expert as to the meaning of "fully diluted."

For essentially the same reasons, Duarte-Silva will not be permitted to testify on the issue

in plaintiff's rebuttal case if Cohen does not testify for defendant.  As noted, the testimony of an expert rebuttal witness must be solely intended "to contradict or rebut evidence on the same subject matter identified by the opposing party's expert." *Glass Dimensions, Inc.*, 290 F.R.D. at 16 (internal quotations omitted); *see also* Fed. R. Civ. P. 26(a)(2)(D)(ii).  Allowing a rebuttal witness to testify without the introduction of defendant's expert's testimony is therefore improper.  *See Ellis v. Corizon, Inc.*, 2018 WL 6268199, at *5 (D. Idaho Nov. 30, 2018) (noting that if the defendants decided not to present their experts at trial, the plaintiff would be foreclosed from putting his rebuttal expert on the stand); *Sharma v. City of Vancouver*, 2008 WL 11343467, at *2 (W.D. Wash. June 17, 2008) ("Until and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to truly rebut such testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only *after* Defendants' experts have testified.").  If Cohen testifies as to whether "fully diluted" has a commonly understood definition as part of defendant's case, Duarte-Silva will of course be permitted to provide rebuttal testimony.

###    3.    Duarte-Silva's Opinion on the Damages Calculation

Duarte-Silva's opinion on damages presents a much simpler question under the same framework.  Plaintiff surely was aware from the outset that he had to prove damages to prevail in this case.  He specifically represented to the Court that the damages analysis is a simple matter of arithmetic that does not require an expert.[1]  At a status conference on December 4, 2018, plaintiff's counsel stated that he did not intend to call an expert witness, and therefore would

---

[1] The question of plaintiff's damages calculation was the subject of a motion to compel during the discovery process.  Plaintiff eventually produced, on April 25, 2018, amended initial disclosures setting out a mathematical calculation.  Plaintiff further amended those initial disclosures on November 21, 2018, and produced the document that he now contends details the mathematical calculations that lead to the proper amount of damages. (Pl. Ex. 1).

present no expert testimony on his damages claim, even though defense counsel observed that he did not see how plaintiff could prove his case without one. (Def Mot. at 4). Even now, plaintiff states:

> As for why Mr. Duarte-Silva was initially designated as a rebuttal expert, instead of an affirmative expert on Plaintiff's case-in-chief, the damages calculation set forth in Plaintiff's Second Initial Disclosures is mathematical and therefore does not require an expert to articulate, as evidenced by the fact that the calculation was disclosed in full months before Mr. Duarte-Silva's report was served.

(Pl. Mot. at 4 n.2).

In short, there is little need or justification for Duarte-Silva to testify as an affirmative expert on damages. And permitting the testimony would not be harmless. Presumably, fairness would require that defendant be permitted to depose Duarte-Silva, amend Cohen's report, and file further motions based on the new evidence. To the extent, therefore, that the motion seeks an order permitting Duarte-Silva as an expert witness in plaintiff's case-in-chief as to the calculation of damages or as a witness in plaintiff's rebuttal case regardless of whether Cohen testifies, the motion will also be denied. Again, if Cohen testifies and challenges the assumptions on which plaintiff relies in his damages calculation, Duarte-Silva may testify in rebuttal.

**4.      Conclusion**

For the foregoing reasons, Plaintiff's Motion to Re-Designate Tiago Duarte-Silva as an Expert on His Case-in-Chief or, in the Alternative, to Permit Tiago Duarte-Silva to Testify as a Rebuttal Expert Regardless of Whether Defendant Calls his own Expert Witness (Docket No. 135) is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV_____

F. Dennis Saylor IV

Dated:  September 28, 2020                    Chief Judge, United States District Court